IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
DENISE A. BRIGHT, individually      )
and on behalf of all others         )
similarly situated,                 )
                                    )
            Plaintiffs,             )        8:05CV348
                                    )
      v.                            )
                                    )
CONAGRA FOODS INC.; BRUCE ROHDE;    )
MOGENS C. BAY; STEPHEN G. BUTLER;   )
ALICE B. HAYES; W.G. JURGENSEN;     )
CARL E. REICHARDT; HOWARD G.        )
BUFFETT; JOHN T. CHAIN, JR.,        )
STEVEN F. GOLDSTONE; MARK H.        )
RANENHORST; RONALD W. ROSKENS;      )
KENNETH STINSON; DAVID H.           )
BATCHELDER; ROBERT KRANE; CONAGRA   )
FOODS EMPLOYEES BENEFITS            )
COMMITTEE; JOHN DOES 1-20,          )
                                    )
            Defendants.             )
_____ )
MICHAEL A. RANTALA, individually    )
and on behalf of all others         )
similarly situated,                 )
                                    )
            Plaintiffs,             )        8:05CV349
                                    )
      v.                            )
                                    )
CONAGRA FOODS INC.; BRUCE ROHDE;    )
MOGENS C. BAY; STEPHEN G. BUTLER;   )
ALICE B. HAYES; W.G. JURGENSEN;     )
CARL E. REICHARDT; HOWARD G.        )
BUFFETT; JOHN T. CHAIN, JR.,        )
STEVEN F. GOLDSTONE; MARK H.        )
RANENHORST; RONALD W. ROSKENS;      )
KENNETH STINSON; DAVID H.           )
BATCHELDER; ROBERT KRANE; CONAGRA   )
FOODS EMPLOYEES BENEFITS            )
COMMITTEE; JOHN DOES 1-20,          )
                                    )
            Defendants.             )
_____ )
```

```
RICHARD J. BOYD,                         )
                                         )
                 Plaintiffs,             )         8:05CV386
                                         )
        v.                               )
                                         )
CONAGRA FOODS INC.; BRUCE ROHDE;         )         ORDER
MOGENS C. BAY; STEPHEN G. BUTLER;        )
ALICE B. HAYES; W.G. JURGENSEN;          )
CARL E. REICHARDT; HOWARD G.             )
BUFFETT; JOHN T. CHAIN, JR.,             )
STEVEN F. GOLDSTONE; MARK H.             )
RANENHORST; RONALD W. ROSKENS;           )
KENNETH STINSON; DAVID H.                )
BATCHELDER; ROBERT KRANE; CONAGRA        )
FOODS EMPLOYEES BENEFITS                 )
COMMITTEE; JOHN DOES 1-20,               )
                                         )
                 Defendants.             )
_____)
```

This matter is before the Court on defendants' motion to dismiss the amended consolidated complaint (Filing No. 33 in 8:05CV348; Filing No. 32 in 8:05CV349; Filing No. 22 in 8:05CV386); on defendants' motion to take judicial notice of certain facts (Filing No. 37 in 8:05CV348; Filing No. 35 in 8:05CV349; Filing No. 26 in 8:05CV386); and on defendants' motion requesting oral argument (Filing No. 49 in 8:05CV348; Filing No. 46 in 8:05CV349; Filing No. 38 in 8:05CV386). The Court has reviewed the motions, the briefs in support and opposition, evidentiary submissions, judicially noticed facts and the applicable law and makes the following findings.

## I. STANDARDS OF REVIEW

### A. Motion to Dismiss

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff. *Riley v. St. Louis County*, 153 F.3d 627, 629 (8th Cir. 1998); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994). The issue in resolving a motion to dismiss is whether the plaintiffs are entitled to offer evidence in support of their claim, not whether they will ultimately prevail. *United States v. Aceto Chems. Corp.*, 872 F.2d 1373, 1376 (8th Cir. 1989). In viewing the facts in the light most favorable to the plaintiff, the Court must determine whether the complaint states any valid claim for relief. *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979). The Court considers the defendants' motion in light of the foregoing standard.

### B. ERISA Pleading Requirements

Unlike claims of fraud brought pursuant to Federal Rule of Civil Procedure 9(b), which require a heightened standard of pleading, claims brought under the Employee Retirement Income Security Act of 1974 ("ERISA") are subject only to the simplified pleading standard of Federal Rule of Civil Procedure 8. *In re Xcel Energy, Inc.*, 312 F. Supp. 2d 1165, 1179 (D. Minn. 2004)("In

cases where a fraud, misrepresentation or omission is alleged to have occurred but is not itself the basis of the alleged breach, Rule 9(b) is not applied."). Accordingly, to survive a motion to dismiss, the complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege that: (1) the defendant was a fiduciary of an ERISA plan who, (2) acting within his capacity as a fiduciary, (3) engaged in conduct constituting a breach of his fiduciary duty. *See* 29 U.S.C. § 1109; *see In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, 2005 U.S. Dist. LEXIS 3715, 2005 WL 563166, at *2 (S.D. N.Y. Mar. 10, 2005).

In considering a defendant's motion to dismiss, it is proper for the Court to take into account any relevant plan documents. *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003). A court may also consider materials "embraced by the pleadings" that are not attached to the pleadings. *In re K-tel Int'l, Inc. Sec. Litig.*, 300 F.3d 881, 889 (8th Cir. 2002).

## II. Discussion

Upon review of the facts and the applicable law the Court concludes that it would be premature to dismiss this action on a Rule 12(b) motion. There are facts that need to be fleshed out to determine if an ERISA violation for fiduciary breach by any of the named defendants has occurred and whether in fact any

damages have been sustained by the plan as alleged.  For these reasons, defendants' motion to dismiss the amended consolidated complaint (Filing No. 33 in 8:05CV348; Filing No. 32 in 8:05CV349; Filing No. 22 in 8:05CV386) will be denied; defendants' motion to take judicial notice of certain facts (Filing No. 37 in 8:05CV348; Filing No. 35 in 8:05CV349; Filing No. 26 in 8:05CV386) will be granted; and defendants' motion requesting oral argument (Filing No. 49 in 8:05CV348; Filing No. 46 in 8:05CV349; Filing No. 38 in 8:05CV386) will be denied as moot.

       DATED this 9th day of June, 2006.

                                            BY THE COURT:

                                            /s/ Lyle E. Strom
                                            _____
                                              LYLE E. STROM, Senior Judge
                                              United States District Court