IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| DENISE A. BRIGHT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CONAGRA FOODS, INC., et al,<br><br>Defendants | CASE No.: 8:05-CV-00348 |
| MICHAEL A. RANTALA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CONAGRA FOODS, INC., et al,<br><br>Defendants | CASE No.: 8:05-CV-00349 |
| RICHARD J. BOYD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CONAGRA FOODS, INC., et al,<br><br>Defendants | CASE No.: 8:05-CV-00386 |

**ORDER PRELIMINARILY CERTIFYING A
CLASS FOR SETTLEMENT PURPOSES AND
PRELIMINARILY APPROVING PROPOSED SETTLEMENT**

This matter is before the Court on the motion by Co-Lead Plaintiffs for Preliminary Approval of a Settlement. The parties have filed a Stipulation of Settlement. Attached to the Stipulation of Settlement as Exhibits are the documents

necessary to implement the settlement. The Stipulation of Settlement and its exhibits are referred to collectively in this Order as the "Settlement Agreement." If approved, the Settlement Agreement would result in, among other things, dismissal of these cases with prejudice. Unless otherwise specifically defined herein, the capitalized terms in this Order have the same meaning attributed to them in the Settlement Agreement.

Upon review of the Settlement Agreement, the Plaintiffs' Motion for Preliminary Approval of a Settlement, and the prior filings in this case, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

    **1.**    **Class Findings** – For purposes of the settlement of the Action (and only for such purposes, and without an adjudication of the merits), the Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met in that:

    a.    The Class, as defined in paragraph 2 below, is ascertainable from records kept by the Defendants (or their subsidiaries) and/or their agents, and other objective criteria, and the Class Members are so numerous that their joinder before the Court would be impracticable;

    b.    The commonality requirement of Fed. R. Civ. P. 23(a) is satisfied insofar as Co-Lead Plaintiffs have alleged numerous questions of fact and law purportedly common to the Class, including whether Defendants violated provisions of ERISA;

    c.    Based on Co-Lead Plaintiffs' allegations that Defendants engaged in uniform misconduct affecting members of the Class, the Court preliminarily

finds that the claims of Co-Lead Plaintiffs are typical of the claims of the Class, and that Co-Lead Plaintiffs and Plaintiffs' Co-Lead Counsel will fairly and adequately protect the interests of the Class, in that: (i) the interests of Co-Lead Plaintiffs and the nature of their alleged claims are consistent with those of members of the Class; (ii) there appear to be no conflicts between or among Co-Lead Plaintiffs and other Class Members; (iii) Co-Lead Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this Action; and (iv) Co-Lead Plaintiffs and Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class actions, including class actions based upon violations of ERISA;

        d.      The Court preliminarily finds that, for settlement purposes: (i) the prosecution of separate actions by individual Class Members would create a risk of (*a*) inconsistent or varying adjudications as to individual Class Members that would establish incompatible standards for the parties opposing the Class or (*b*) adjudications as to individual Class Members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests; and (ii) according to the Co-Lead Plaintiffs' allegations, the parties opposing the Class have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole (if the Co-Lead Plaintiffs could prove their allegations). In making these preliminary findings, the Court has considered, among other factors: (i) the interest of members of the Class in individually controlling the prosecution or defense of separate actions; (ii) the

impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

**2.   Preliminary Class Certification for Settlement Purposes** – Based on the findings set forth in paragraph 1 above, the Court preliminarily certifies the Class for settlement purposes under Fed. R. Civ. P. 23(b)(1) and/or 23(b)(2). The Class consists of all persons ("Class" or "Class Members") who were participants in, beneficiaries of, or had an interest in one or more of the ERISA Plans during the period from September 18, 2003 through July 10, 2007, inclusive (the "Class Period") and had an interest in the ConAgra Foods Stock Fund in one or more of the ERISA Plans at any time during the Class Period. The Court finds that, for the sole purpose of settlement, and without an adjudication of the merits, the Class is sufficiently well-defined and cohesive. The Class, as preliminarily certified pursuant to Fed. R. Civ. P. 23(b)(1) and/or 23(b)(2), is a non-opt-out class.

**3.   Findings Regarding Proposed Settlement** – The Court finds that: (i) the proposed Settlement Agreement resulted from extensive arm's-length negotiations; and (ii) the Settlement Agreement is sufficiently fair, reasonable and adequate to warrant sending notice of the Action and proposed Settlement Agreement to Class Members and holding a full hearing on the proposed settlement.

**4.   Fairness Hearing** – The Court hereby schedules a hearing (the "Fairness Hearing") for **November 16, 2007, at 10 a.m. CST** to consider, among other things:

        a.    whether this Action should be finally certified as a class action for settlement purposes;

        b.    whether the proposed settlement of this Action should be approved as fair, reasonable and adequate and the Action dismissed with prejudice pursuant to the terms of the Settlement Agreement;

        c.    whether the Notice, Summary Notice and notice methodology implemented pursuant to the Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement Agreement (including the Release) of their right to object to the proposed settlement and of their right to appear at the Fairness Hearing; (iii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law;

        d.    whether Co-Lead Plaintiffs and Plaintiffs' Co-Lead Counsel adequately represented the Class for purposes of entering into and implementing the Settlement Agreement;

        e.    whether Class Members, the ERISA Plans, the fiduciaries of the ERISA Plans, and their heirs, executors, administrators, beneficiaries, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns of all of those

persons and entities should be bound by the Release set forth in the Settlement Agreement;

    f.  whether Class Members, the ERISA Plans, the fiduciaries of the ERISA Plans, and the heirs, executors, administrators, beneficiaries, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns of all of those persons and entities should, subject to certain exclusions set out in the Settlement Agreement, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration or other proceeding or order in any jurisdiction that is based upon, arises out of, or relates to any Released Claim;

    g.  whether any and all persons and entities should, subject to certain exclusions set out in the Settlement Agreement, be permanently barred and enjoined from organizing any Class Members for the purposes of pursuing as a purported class action (including seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit that is based upon, arises out of or relates to any Released Claim;

    h.  whether, subject to certain exclusions set out in the Settlement Agreement, a complete bar (the "Bar Order") should be entered that: (i) permanently bars, enjoins and restrains Co-Lead Plaintiffs, the ERISA Plans, the fiduciaries of the ERISA Plans, and any and all Class Members, and the heirs, executors, administrators, beneficiaries, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns of all of those persons and entities, and any person or entity claiming by or through any of the Class Members or representing any or all of the Class

Members from commencing, prosecuting, or asserting any claim against any Releasee arising under state law, federal law, foreign law, or common law doctrine, however styled, whether for indemnification or contribution or otherwise denominated, including, without limitation, claims for breach of contract and for misrepresentation, where the claim is based upon, arises out of, or relates to any Released Claim, whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or un-matured, accrued or un-accrued, including, without limitation, any claim in which a person or entity seeks to recover from any or all of the Releasees (a) any amounts such person or entity may become liable to pay to any of the Class Members and/or (b) any costs, expenses, or attorneys' fees from defending any claim by any of the Class Members; and (ii) permanently bars, enjoins and restrains all Parties and Releasees from commencing, prosecuting, or asserting any claim against any person or entity (including any other Releasee) arising under state law, federal law, foreign law, or common law doctrine, however styled, whether for indemnification or contribution, or otherwise denominated, to recover from any person or entity, including another Releasee, (a) any amounts such Party or Releasee has or may become liable to pay to any of the Class Members and/or (b) any costs, expenses or attorneys' fees incurred in defending any claim by any of the Class Members; and

      i.    whether the application for attorneys' fees and expenses that will be filed by Plaintiffs' Co-Lead Counsel should be approved.

    **5.**    **Notice to Class Members** – Notice of the settlement of this Action shall be provided to Class Members as follows:

      a.    No later than October 10, 2007, which is at least thirty-five (35) days before the date set above for the Fairness Hearing to be held, the Plaintiffs' Co-Lead Counsel or the Settlement Administrator shall cause the Notice in a form substantially as set out in as Exhibit B to the Settlement Agreement and approved by the Court to be mailed, by first-class mail, postage prepaid, to: (i) each person in the Class who can be identified by reasonable effort; and (ii) in cases of pending litigation, arbitration or other proceeding, or any other Claim, against any Releasee involving any Released Claims, to all legal counsel known by Plaintiffs' Co-Lead counsel or Defendants' Counsel to represent a Class Member;

      b.    No later than October 10, 2007, which is at least thirty-five (35) days before the date set above for the Fairness Hearing to be held, Plaintiffs' Co-Lead Counsel or the Settlement Administrator shall cause the Notice to be published on their respective websites;

      c.    No later than October 10, 2007, which is at least thirty-five (35) days before the date set above for the Fairness Hearing to be held, the Plaintiffs' Co-Lead Counsel shall cause the Summary Notice in a form substantially as set out in Exhibit C to the Settlement Agreement and approved by the Court to be published on at least one occasion in the newspaper identified in the Settlement Agreement.

At or before the Fairness Hearing, the Parties and/or the Administrator shall file with the Court proof of compliance with the provisions of this Order.

    **6.**    **Findings Concerning Notice** – Having considered the forms and methods of providing notice to Class Members, the Court finds that notice given in the

form and manner provided in paragraph 5 above is the best practicable notice and is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of this Action, of the effect of the Settlement Agreement (including the Release) and of their right to object to the proposed settlement. The Court further finds that the Notice and Summary Notice provided in the Settlement Agreement are simply written and will be readily understandable by Class Members and that the Notice, Summary Notice, and notice methodology are reasonable, constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and meet the requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

       7.    **Retention of Settlement Administrator** – The Court authorizes Plaintiffs' Co-Lead Counsel to retain Berdon Claims Administration LLC to serve as a Settlement Administrator to help implement the Settlement Agreement, and authorizes such Settlement Administrator to assist the Parties in: (i) mailing or arranging for the mailing of the Notice to Class Members; (ii) arranging for publication of the Summary Notice; (iii) arranging for publication of the Notice on the Settlement Administrator's website; (iv) answering written inquiries from Class Members and/or forwarding such inquiries to Plaintiffs' Co-Lead Counsel or their designee; (v) providing additional copies of the Notice, upon request, to Class Members; (vi) calculating and arranging for the allocation of the Net Cash Settlement Amount to Class Members consistent with the Plan of Allocation; and (vii) otherwise assisting Plaintiffs' Co-Lead Counsel and Defendants' Counsel with administration and implementation of the Settlement Agreement. The

Settlement Administrator is authorized, without seeking further prior approval from the Court, to make payments from the Qualified Settlement Fund to cover Administrative Expenses and Notice Expenses in an amount not to exceed $150,000, and it is authorized to seek Court approval for any further reasonable disbursements consistent with the Settlement Agreement.

**8. Communications with Class Members** – The Parties maintain the right to communicate orally and in writing with, and to respond to inquiries from, Class Members including, without limitation: (i) communications between Class Members and representatives of the Company whose responsibilities include administering the ERISA Plans; and (ii) communications as may be necessary to implement the terms of the Settlement Agreement and to conduct the Company's normal business.

**9. Objections** – Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement, to the Plan of Allocation or to any term(s) of the Settlement Agreement (including, without limitation, the proposed Attorneys' Fees and Expenses Award) must both file with the Court and serve on the counsel identified in the Notice a statement of his or her objection(s) and the specific reason(s), if any, for such objection(s), including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection(s). A Class Member's written objection must be received by the Court and served on the counsel identified in the Notice by no later than November 2, 2007, which is fourteen days before the date set in this Order for the Fairness Hearing to be held.

10. **Appearance at Fairness Hearing** – Any Class Member who files and serves a timely, written objection in accordance with paragraph 9 above – and only such Class Members—may also appear at the Fairness Hearing either in person or through counsel retained at the Class Member's expense. Class Members or their attorneys intending to appear at the Fairness Hearing must both file with the Court and serve on the counsel identified in the Notice a notice of intention to appear. Such notice of intention to appear must be received by the Court and the counsel identified in the Notice by no later than November 6, 2007, which is ten days before the date set in this Order for the Fairness Hearing to be held. Any Class Member who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

11. **Access to Confirmatory Discovery Materials** – Any Class Member who wishes to review the confirmatory discovery materials in this Action for the purpose of assessing the Settlement Agreement (and for that purpose only), may do so under the terms of the Settlement Agreement and upon execution of the Stipulation of Confidentiality in substantially the form that is attached as Exhibit D to the Settlement Agreement. The terms of the Stipulation of Confidentiality are hereby incorporated into this Preliminary Approval Order and any breach of the Stipulation of Confidentiality shall constitute a violation of this Preliminary Approval Order and may, upon application to this Court by any aggrieved party, result in an order of contempt of Court and/or other sanctions.

**12.** **Preliminary Injunction** – All Class Members, the ERISA Plans, the fiduciaries of the ERISA Plans, and the heirs, executors, administrators, beneficiaries, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns of all of those persons and entities are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other lawsuit, arbitration or administrative, regulatory, or other proceeding or order in any jurisdiction, based on or relating in any way to the Released Claims. All other persons or entities are preliminarily enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of any Class Member(s) if such other lawsuit is based on or relates in any way to the Released Claims.  The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over this Action.

**13.** **Binding Effect** – All Class Members, the ERISA Plans, the fiduciaries of the ERISA Plans, and the heirs, executors, administrators, beneficiaries, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns of all of those persons and entities will be bound by all proceedings, orders and judgments relating to the Settlement Agreement, even if such Class Members have previously initiated or subsequently initiate, arbitration or other proceedings, or have any other Claim against any or all of the Releasees relating to any of the Released Claims.

14. **Service of Papers** – Plaintiffs' Co-Lead Counsel and Defendants' Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Fairness Hearing, any further documents in support of the Settlement Agreement, including responses to any papers filed by Class Members and/or Class Members' counsel. Plaintiffs' Co- Lead Counsel (and any other counsel for Co-Lead Plaintiffs or the Class) and Defendants' Counsel shall promptly furnish to each other any and all objections, notices of appearance and notices of intention to appear that may come into their possession, and if not on file with the Court, shall file such papers with the Court on or before the date of the Fairness Hearing.

15. **Termination of Settlement** – This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (i) the proposed settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement; or (ii) the proposed Settlement Agreement is terminated or does not become effective in accordance with the terms of the Settlement Agreement for any other reason. In such event, the proposed Settlement Agreement shall become null and void and be of no further force or effect, and neither the Settlement Agreement nor any Court's order regarding the Settlement Agreement, including this Order, shall be used or referred to for any purpose whatsoever.

16. **Use of Order** – This Order shall be of no force or effect if the Settlement Agreement does not become Final and shall not be construed or used as an admission, concession or declaration by or against Defendants of any fault, wrongdoing,

breach or liability. Nor shall the Order be construed or used as an admission, concession or declaration by or against Co-Lead Plaintiffs or any Class Member that their claims lack merit or that the relief requested in the Complaint is inappropriate, improper or unavailable, or as a waiver by any Party of any defenses or claims he, she or it may have.

**17.     Continuance of Hearing** – The Court reserves the right to continue the Fairness Hearing without further written notice.

DATED this 3rd day of August, 2007.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court