FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

07 NOV 16  PM 2: 30

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| DENISE A. BRIGHT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CONAGRA FOODS, INC., et al,<br><br>Defendants. | Case No.: 8:05-CV-00348 |
| MICHAEL A. RANTALA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CONAGRA FOODS, INC., et al,<br><br>Defendants. | Case No.: 8:05-CV-00349 |
| RICHARD J. BOYD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CONAGRA FOODS, INC., et al,<br><br>Defendants. | Case No.: 8:05-CV-00386 |

## ORDER APPROVING SETTLEMENT

WHEREAS, Co-Lead Plaintiffs and Defendants entered into a July 16, 2007 Stipulation of Settlement; and

WHEREAS, the Court entered an August 3, 2007 Order (the "Preliminary Approval

Order") preliminarily certifying the putative class in this Action[1] for settlement purposes under Fed. R. Civ. P. 23(b)(1) and/or 23(b)(2), ordering individual and publication notice to Class Members, scheduling a Fairness Hearing for November 16, 2007 and providing Class Members with an opportunity to object to the proposed settlement;

WHEREAS, the Court held a Fairness Hearing on November 16, 2007 to determine whether to give final approval to the Settlement Agreement; and

WHEREAS, the Court is contemporaneously issuing a Judgment under Fed. R. Civ. P. 58 that, among other things, finally certifies the settlement Class, approves the Settlement Agreement and dismisses the Class Members' claims with prejudice; NOW THEREFORE, based on the submissions of the Parties, on the argument of counsel at the Fairness Hearing, and on the evidence presented to the Court, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.    **Incorporation of Settlement Documents** – This Order Approving Settlement (the "Order") incorporates and makes a part hereof:

a.    the July 16, 2007 Stipulation of Settlement filed with this Court on July 18, 2007;

b.    the November 15, 2007 Stipulation of Amendment; and

c.    Exhibits A through H to the Stipulation of Settlement. The Stipulation of Settlement, Stipulation of Amendment, and all exhibits thereto shall be referred to collectively as the "Settlement Agreement."

2.    **Jurisdiction** – The Court has personal jurisdiction over all Class Members (as defined below) and has subject matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the Settlement Agreement and the Plan of Allocation, grant final certification of the Class for settlement purposes and dismiss the Action with prejudice.

3.    **Final Class Certification** – The Class this Court preliminarily certified as a non-

---

[1]    Unless otherwise specifically defined herein, the capitalized terms in this Order Approving Settlement have the same meaning as attributed to them in the Settlement Agreement.

opt-out class is hereby finally certified for settlement purposes under Fed. R. Civ. P. 23(b)(1) and/or 23(b)(2) as a non-opt-out class. The Class consists of all persons ("Class" or "Class Members"), who were participants in, beneficiaries of, or had an interest in one or more of the ERISA Plans during the period from September 18, 2003 through and including July 10, 2007, inclusive (the "Class Period"), and who had an interest in the ConAgra Foods Stock Fund in one or more of the ERISA Plans at any time during the Class Period.

4.      **Court Findings** – The Court finds that (*i*) Co-Lead Plaintiffs are asserting, among other things, claims on behalf of the ERISA Plans, (*ii*) the settlement of the Action arises from a genuine controversy between the Co-Lead Plaintiffs and the Defendants, is not the result of collusion, and was not procured by fraud or misrepresentation, (*iii*) the Settlement Agreement was negotiated by counsel appointed by the Court in the Action and such counsel have acted in the best interest of Co-Lead Plaintiffs, Class Members and the ERISA Plans in negotiating the Settlement Agreement vigorously and at arm's-length, (*iv*) Plaintiffs' Co-Lead Counsel have no relationship to, or interest in, any of Releasees that might affect their judgment as counsel for Co-Lead Plaintiffs or Class Members, (*v*) the interests of Co-Lead Plaintiffs are identical to the interests of the ERISA Plans and Class Members, (*vi*) the ERISA Plans' participation in the settlement is not less favorable than that of Co-Lead Plaintiffs and Class Members, (*vii*) the settlement is not part of an agreement, arrangement or understanding designed to benefit a party in interest, but rather is designed to benefit the ERISA Plans and Class Members (who are or were all participants in, beneficiaries of, or had an interest in the ERISA Plans), (*viii*) an independent fiduciary reviewed the settlement and found that the settlement of this Action in accordance with the terms and conditions in the Settlement Agreement is in the best interests of the ERISA Plans and the Class Members, and (*ix*) accordingly, the negotiation and consummation of the Settlement Agreement by Co-Lead Plaintiffs on behalf of the ERISA Plans and Class Members satisfy the conditions of the class exemption published by the Department of Labor at 68 Fed. Reg. 75632 (Dec. 31, 2003), and, in any event, do not constitute "prohibited transactions" as defined by ERISA §§ 406(a)-(b), 29 U.S.C. §§ 1106(a)-(b).

5.      **Adequacy of Representation** – Named plaintiffs Denise A. Bright and Michael A. Rantala and the law firms of Scott + Scott, LLP and Harwood Feffer LLP were appointed Co-Lead Plaintiffs and Plaintiffs' Co-Lead Counsel, respectively, by the Court in an August 15, 2005 order.  Timmermier, Gross & Prentiss was appointed Plaintiffs' Liaison Counsel by the same order.  Co-Lead Plaintiffs, Plaintiffs' Co-Lead Counsel, and Plaintiffs' Liaison Counsel have fully and adequately represented the Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Fed. R. Civ. P. 23(a)(4).

6.      **Notice** – The Court finds that the distribution of the Notice, the publication of the Summary Notice and the notice methodology were all implemented in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order.  The Court further finds that the Notice and Summary Notice were simply written and readily understandable, and that the Notice, Summary Notice and notice methodology: (*i*) constituted the best practicable notice, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object to the proposed settlement and their right to appear at the Fairness Hearing, (*iii*) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice, and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

7.      **Final Settlement Approval** – The terms and provisions of the Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.  The Parties and their counsel are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

8.      **Plan of Allocation** – The Plan of Allocation is approved as a fair and reasonable method to allocate the relevant settlement proceeds among Class Members, and Plaintiffs' Co-Lead Counsel and the Settlement Administrator are directed to implement and administer the Plan of Allocation in accordance with its terms and provisions.

9.      **Binding Effect** – The terms of the Settlement Agreement and of this Order and the accompanying Judgment shall be forever binding on Co-Lead Plaintiffs, the ERISA Plans, the fiduciaries of the ERISA Plans, and all Class Members, as well as the heirs, executors, administrators, beneficiaries, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns of all those persons or entities and any person or entity claiming by or through any of the Class Members, and any person or entity representing any or all Class Members.

10.      **Release** – The Release as set forth in the Settlement Agreement, as amended in the Stipulation of Amendment, (and as set out in Appendix A to this Order) is expressly incorporated herein in all respects. The Release shall be effective as of the Final Settlement Date.

11.      **Permanent Injunction** – Co-Lead Plaintiffs, the ERISA Plans, the fiduciaries of the ERISA Plans, and all Class Members (and the heirs, executors and administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns of all those persons or entities and any person or entity claiming by or through any of the Class Members, and any person or entity representing any or all Class Members) are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration or other proceeding or order in any jurisdiction that is based upon, arises out of or relates to any Released Claims.  All persons or entities are permanently enjoined from organizing any Class Members for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit that is based upon, arises out of or relates to any Released Claims.

12. **Bar Order**

a.      Any and all Parties and Releasees are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any Releasee arising under state, federal or common law, however styled, whether for indemnification or contribution or otherwise denominated to recover (a) any amounts such person or entity may become liable to pay to any of the Class Members and/or (b) any costs, expenses, or attorneys' fees from defending any claim by any of the Class Members.  All such claims are hereby extinguished, discharged, satisfied and unenforceable, subject to a hearing to be held by the Court, if necessary.  The provisions of this paragraph 12.a are intended to preclude any liability of any and all of the Releasees to any person or entity for indemnification, contribution, or otherwise on any claim based upon, arising out of, or relating to any Released Claim; *provided* that, with respect to any judgment against any person or entity on behalf of the Class or a Class Member based upon, arising out of, or relating to any Released Claim, that person or entity shall be entitled to a credit of the greater of (*i*) an amount that corresponds to the percentage of responsibility of Releasees for the loss to the Class or a Class Member or (*ii*) the amount of the Qualified Settlement Fund.  If any provision of this paragraph 12.a is subsequently held to be unenforceable, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any claim that is based upon, arises out of, or relates to any Released Claim;

b.      If, notwithstanding the Bar Order, a person or entity obtains a judgment against any or all of the Releasees on any claim that is based upon, arises out of, or relates to any Released Claim to recover either: (*i*) any amounts that the person or entity obtaining the judgment against the Releasee might become liable to pay to any of the Class Members or (*ii*) any costs, expenses, or attorneys' fees that such person or entity might incur in defending any claim against him, her or it by any of the Class Members, the Class and the Class Members agree that they will reduce or credit any judgment or settlement (up to the amount of such judgment or settlement)

6

that they might obtain against that person or entity by an amount equal to the amount of that person's or entity's judgment against the Releasee, which amount shall be credited to the Releasee.

13. **Exclusions to Bars** – Notwithstanding Sections 10, 11 and 12 above, (*i*) nothing in this Order shall bar the Company or any other Defendant from seeking to enforce any insurance contract that may provide coverage or indemnity with respect to any Claim made in this Action or with respect to the settlement of this Action; (*ii*) nothing in this Order shall bar either the Company or a Releasee from enforcing the provisions of any severance or related compromise agreement between the Company and any Releasee; and (*iii*) nothing in this Order shall in any way affect the rights of indemnification as relates to a Releasee who is or was a director, officer or employee of the Company.

14. **No Admissions** – Neither this Order and the accompanying Judgment nor the Settlement Agreement, nor any of the provisions of the Settlement Agreement or any negotiations leading to its execution, nor any other documents referred to in this Order or the accompanying Judgment, nor any action taken to carry out this Order and the Judgment is, or may be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Action, any other action, or any other judicial, administrative, regulatory or other proceeding, or may be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including but not limited to the Defendants, or as a waiver by the Defendants of any applicable defense.   Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, offered as, received as, used as or deemed evidence of, an admission or concession as to the Defendants' denials or defenses and shall not be offered or received in evidence in this Action, any other action, or any other judicial, administrative, regulatory or other proceeding against any Party hereto for any purpose whatsoever, except as evidence of the settlement or to enforce the

7

provisions of this Order, the accompanying Judgment and the Settlement Agreement; *provided however*, that this Order, the accompanying Judgment and the Settlement Agreement may be filed in any action against or by the Defendants or Releasees to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

15.    **Enforcement of Settlement** – Nothing in this Order or the accompanying Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

16.    **Attorney's Fees and Expenses** – Plaintiffs' Co-Lead Counsel are hereby awarded attorney's fees and expenses of $15,526,888.21 to be paid out of the Qualified Settlement Fund consistent with the terms of the Settlement Agreement.

17.    **Applications for Fees and Expenses** – The Court retains jurisdiction to consider an application by the Settlement Administrator or any Party, person, or entity for reimbursement of expenses relating to implementation of the terms of the Settlement Agreement or implementation of, or calculations or other work relating to, the Plan of Allocation, or other Administrative Expenses.

18.    **No Other Payments** – The preceding paragraphs 16 and 17 of this Order cover, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Plaintiffs' Co-Lead Counsel or any other counsel of record representing Co-Lead Plaintiffs or Class Members (or asserting claims on behalf of the ERISA Plans) in this Action, or incurred by Co-Lead Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to this Action, the settlement of this Action, the administration of the Settlement Agreement, and/or the Released Claims except to the extent otherwise specified in this Order and the Settlement Agreement.

19.    **Modification of Settlement Agreement** – The parties are hereby authorized, without further approval from the Court, to agree to and adopt amendments, modifications and

8

expansions of the Settlement Agreement, provided that such amendments, modifications and expansions of the Settlement Agreement are not materially inconsistent with this Order and the Judgment and do not materially limit the rights of Class Members under the Settlement Agreement.

20.     **Retention of Jurisdiction** – The Court has jurisdiction to enter this Order and the accompanying Judgment.   Without in any way affecting the finality of this Order and the accompanying Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement, and of this Order and the accompanying Judgment, and for any other necessary purposes, including, without limitation:

a.     enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Order or the Judgment (including, without limitation, whether a person or entity is or is not a Class Member, and whether claims or causes of action are or are not barred by the Judgment or Release);

b.     entering such additional orders as may be necessary or appropriate to protect or effectuate this Order and the Judgment approving the Settlement Agreement, dismissing all claims with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

c.     entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction; *provided, however*, that nothing in this paragraph 20 is intended to restrict the ability of the parties to exercise their rights under paragraph 19 of this Order.

21.     **Rule 11 Findings** – The Court finds that the Consolidated Complaint was filed as to the Defendants on a good faith basis, and that the Complaint was filed in accordance with

Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

22.     **Notice Under Class Action Fairness Act**-The Court find that Defendants have sent a timely notification to the appropriate state and federal officials of the proposed settlement in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

23.     **Dismissal of Action** – This Action, including all individual claims, claims asserted on behalf of the ERISA Plans, and Class claims resolved by it, is hereby dismissed with prejudice against Co-Lead Plaintiffs, all other Class Members, the ERISA Plans, and fiduciaries of the ERISA Plans, without fees or costs to any Party except as otherwise provided in this Order and the Judgment.

24.     **Entry of Judgment** – The Court will separately enter the accompanying Judgment in accordance with Fed. R. Civ. P. 58.

SO ORDERED this ___16___ day of 2007.

BY THE COURT:

LYLE E. STROM, Senior Judge
United States District Court

10