IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DENISE A. BRIGHT, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | 8:05CV348 |
| v. | ) ) ) | |
| CONAGRA FOODS INC.; BRUCE ROHDE; MOGENS C. BAY; STEPHEN G. BUTLER; ALICE B. HAYES; W.G. JURGENSEN; CARL E. REICHARDT; HOWARD G. BUFFETT; JOHN T. CHAIN, JR., STEVEN F. GOLDSTONE; MARK H. RANENHORST; RONALD W. ROSKENS; KENNETH STINSON; DAVID H. BATCHELDER; ROBERT KRANE; CONAGRA FOODS EMPLOYEES BENEFITS COMMITTEE; JOHN DOES 1-20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| MICHAEL A. RANTALA, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | 8:05CV349 |
| v. | ) ) ) | |
| CONAGRA FOODS INC.; BRUCE ROHDE; MOGENS C. BAY; STEPHEN G. BUTLER; ALICE B. HAYES; W.G. JURGENSEN; CARL E. REICHARDT; HOWARD G. BUFFETT; JOHN T. CHAIN, JR., STEVEN F. GOLDSTONE; MARK H. RANENHORST; RONALD W. ROSKENS; KENNETH STINSON; DAVID H. BATCHELDER; ROBERT KRANE; CONAGRA FOODS EMPLOYEES BENEFITS COMMITTEE; JOHN DOES 1-20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

```
RICHARD J. BOYD,                    )
                                    )
             Plaintiffs,            )        8:05CV386
                                    )
        v.                          )
                                    )
CONAGRA FOODS INC.; BRUCE ROHDE;    )           ORDER
MOGENS C. BAY; STEPHEN G. BUTLER;   )
ALICE B. HAYES; W.G. JURGENSEN;     )
CARL E. REICHARDT; HOWARD G.        )
BUFFETT; JOHN T. CHAIN, JR.,        )
STEVEN F. GOLDSTONE; MARK H.        )
RANENHORST; RONALD W. ROSKENS;      )
KENNETH STINSON; DAVID H.           )
BATCHELDER; ROBERT KRANE; CONAGRA   )
FOODS EMPLOYEES BENEFITS            )
COMMITTEE; JOHN DOES 1-20,          )
                                    )
             Defendants.            )
_____)
```

This matter is before the Court on notice that Appendix A to order approving settlement agreement was inadvertently omitted and not attached to the order of final approval. Accordingly,

IT IS ORDERED that the order of final approval is amended nunc pro tunc to incorporate Appendix A, attached hereto, as if included in the original order.

DATED this 5th day of December, 2007.

                              BY THE COURT:

                              /s/ Lyle E. Strom
                              _____
                              LYLE E. STROM, Senior Judge
                              United States District Court

## APPENDIX A TO ORDER APPROVING SETTLEMENT
### (Exhibit G To Settlement Agreement As Revised By Stipulation Of Amendment)

### RELEASE

**A. Definitions Relevant to Release and Waiver (Using The Paragraph Numbers Where These Definitions Appear In The Definitions Section Of The Settlement Agreement).**

   i.  "Claim" means any and all claims of any nature whatsoever (including claims for any and all losses, damages, unjust enrichment, constructive trust, disgorgement, litigation costs, injunction, declaration, contribution, indemnification or any other type of legal or equitable relief), actions, causes of action, proceedings, adjustments, executions, offsets, contracts, judgments, obligations, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, variances, covenants, trespasses, damages, demands (whether written or oral), agreements, promises, liabilities, controversies, costs, expenses, attorneys' fees and losses whatsoever, whether in law, in admiralty, or in equity and whether based on any federal law, state law, foreign law, common law doctrine, rule, regulation or otherwise, foreseen or unforeseen, matured or un-matured, known or unknown, accrued or not accrued, liquidated or non-liquidated, existing now or to be created in the future.

   zz.  "Released Claims" and "Released Claim" mean each and every Claim and Unknown Claim by or on behalf of the Co-Lead Plaintiffs, the ERISA Plans, the ERISA Plans' fiduciaries, or any Class Member on its, his, her, or their own behalf and on behalf of any Person they represent (including the ERISA Plans and their respective spouses, heirs, executors, administrators, past and present partners, officers, directors, agents, attorneys, predecessors, successors and assigns) that: (1) has been asserted in the Action; (2) could have been asserted in the Action relating in any way to ConAgra Foods Securities or the ConAgra Foods Stock Fund; (3) arises out of the acts, omissions, facts, matters, transactions, or occurrences that have been alleged or referred to in any court filing in the Action; or (4) subject to ¶ 42 below, arises out of or relates in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences or oral or written statements or representations in connection with or directly or indirectly relating to the institution, prosecution, defense or settlement of this Action, or to this Settlement Agreement,

or the implementation or administration of it, including, but not limited to, any Claim for attorneys' fees, costs, or disbursements in connection with the Action except to the extent otherwise specified in this Settlement Agreement.  Without limiting the generality of the foregoing, and subject to the proviso below, the Released Claims include, without limitation, all Claims and Unknown Claims arising out of or relating to:

(1)     any and all of the acts, failures to act, omissions, misrepresentations, facts, events, matters, transactions, statements, occurrences, or oral or written statements or representations that have been directly or indirectly alleged, embraced, complained of, asserted or described, against any or all Releasees or otherwise, set forth or otherwise referred to in the Action (including but not limited to claims for violations of ERISA, negligence, gross negligence, professional negligence, breach of a duty of care, breach of a duty of loyalty, breach of a duty of candor, breach of a duty to monitor, fraud, breach of fiduciary duty, mismanagement, corporate waste, malpractice, breach of contract, negligent misrepresentation, violations of any federal or state statutes, or violations of any laws of any nation, province, state, county, city, or subdivision or agency thereof);

(2)     the contents of any SEC Filing, DOL Filing, or IRS Filing during the Class Period relating to ConAgra Foods Securities or the Company or the ConAgra Foods Stock Fund;

(3)     any forward-looking statement regarding the Company made by any of the Releasees during the Class Period;

(4)     the contents of any SEC Filing, IRS Filing or any publication, dissemination, adjustment, revision, or restatement of financial or other information of the Company, relating to the Class Period;

(5) any disclosure, representation or statement of any sort (oral or written) made by any or all of the Releasees during the Class Period to any person or entity, or to the public at large regarding, without limitation, the Company's business or financial condition, its operational results and/or its financial or operational prospects, including, without limitation, any press releases

and/or press reports, earnings calls, memoranda (whether internally or externally circulated), and presentations to analysts, creditors, ratings agencies, banks or other lenders, investment bankers, broker dealers, investment advisors, investment companies, bond holders, employees of the Company, potential and actual vendors or customers, participants in one or more of the ERISA Plans, potential investors and/or shareholders;

(6) any disclosure, representation, or statement of any sort (oral or written) made by any of the Releasees during the Class Period to any person or entity regarding ConAgra Foods Securities or the ConAgra Foods Stock Fund;

(7) any internal and/or external accounting memoranda, reports or opinions prepared by the Company or any of the Releasees during, or that relate in any way to, the Class Period, on which any Class Member allegedly relied during the Class Period in purchasing, selling, exchanging, acquiring, disposing of, transferring, or making any other decision regarding, ConAgra Foods Securities or the ConAgra Foods Stock Fund in connection with one or more of the ERISA Plans;

(8) the Company's corporate record keeping during, or that relates in any way to, the Class Period;

(9) any financial statement, audited or unaudited, and any report or opinion on any financial statement relating to the Company that was prepared or issued by the Company or any of the Releasees during, or that relates in any way to, the Class Period, or on which any Class Member allegedly or actually relied during the Class Period in purchasing, selling, exchanging, acquiring, disposing of, transferring, or making any other decision involving ConAgra Foods Securities or the ConAgra Foods Stock Fund in connection with one or more of the ERISA Plans;

(10) any statements or omissions by any of the Releasees as to quarterly or annual results of the Company during the Class Period, including, without limitation, statements or omissions in connection with Earnings Releases or during calls and/or meetings with one or more analysts or investors;

(11) any internal accounting controls or internal audits of the Company during, or that relate in any way to, the Class Period;

(12) any purchases, sales, exchanges, acquisitions, disposals, retentions, transfers or other trading (including, without limitation, collar and hedge transactions) or any other decision involving ConAgra Foods Securities or the ConAgra Foods Stock Fund, any profits made or losses avoided in connection with a transaction involving ConAgra Foods Securities or the ConAgra Foods Stock Fund during the Class Period by any or all of the Releasees, or any acts taken by Releasees to finance or pay for any such transactions, including, but not limited to, any personal profit, remuneration or advantage received by a Releasee in connection with a transaction involving ConAgra Foods Securities or the ConAgra Foods Stock Fund to which he, she, or it was allegedly not legally entitled;

(13) any of the Company's accounting practices or procedures, including any disclosure and disclosure obligations relating thereto, during the Class Period;

(14) any statements or omissions by any of the Releasees in connection with the Company's sale during the Class Period of any divisions, business units, and/or companies;

(15) the relationship and any transactions, actual or contemplated, between or among the Company and any of its predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b), divisions, business units, subsidiaries, and entities in which it has a Controlling Interest;

(16) any and all Claims with respect to ConAgra Foods Securities or the ConAgra Foods Stock Fund arising under ERISA against any or all of the Releasees that are based upon or arise out of the Releasee's (i) serving or allegedly serving as a fiduciary while also serving as a director, officer or employee of, or investor in, the Company or (ii) acts or omissions in his or her capacity as a director, officer or employee of, or investor in, the Company;

(17) the suitability or prudence of any ERISA Plan's investment in ConAgra Foods Securities or the ConAgra Foods Stock Fund or offering those investment options during the Class Period;

(18) any and all activities undertaken by any Releasee in a fiduciary capacity or otherwise with respect to ConAgra Foods Securities or the ConAgra Foods Stock Fund during the Class Period;

(19) purchases, sales, exchanges, acquisitions, disposals, transfers or any other Investment Decisions involving ConAgra Foods Securities or the ConAgra Foods Stock Fund on behalf of one or more of the ERISA Plans or on behalf of any participant in or beneficiary of, or any person having an interest in, one or more of the ERISA Plans;

(20) issuance of treasury shares of ConAgra Foods Securities to the ERISA Plans or to the ConAgra Foods Stock Fund;

(21) any and all claims that any or all Releasees breached fiduciary duties to Co-Lead Plaintiffs and other Participants and beneficiaries of the ERISA Plans in connection with the acquisition and holding of ConAgra Foods Securities or the ConAgra Foods Stock Fund by the ERISA Plans or Plan Participants;

(22) any and all claims that the Company or any Releasee failed to appoint and/or adequately monitor ERISA Plan fiduciaries with respect to ConAgra Foods Securities or the ConAgra Foods Stock Fund;

(23) any and all claims that any or all Releasees violated any ERISA duties relating to the acquisition, disposition, or retention of ConAgra Foods Securities by the ERISA Plans;

(24) claims that would be barred by principles of res judicata if the claims asserted in the Consolidated Complaint or any claim that Co-Lead Plaintiffs could have sought to file in the Action at any time arising out of the acts, omissions, facts, matters, transactions, or occurrences that have been alleged or referred to in the Action had been fully litigated and resulted in a final judgment or order; and

(25) any and all other Claims or other matters relating in any way to the Company's finances, financial condition or accounting practices, or the Company's or the Releasees' disclosures to or communication with other parties, including, without limitation, the public and all

lenders, creditors, shareholders, or other persons engaged in financial transactions with the Company regarding the Company's finances, financial condition or accounting practices.

*Provided that* the term "Released Claims" and "Released Claim" do not mean, and do not include, any claim relating to the purchase, sale, exchange, acquisition, disposal, or transfer of ConAgra Foods Securities that a Class Member may have made outside of and separate from the Class Member's participation or interest in the ERISA Plans.

aaa.    "Releasee" means each and every one of, and "Releasees" means all of, the following: the Defendants, the ConAgra Foods, Inc. Employee Benefits Committee, the Company, the ERISA Plans, and their respective past and present directors, officers, employees, members, partners, principals, agents, attorneys, advisors, administrators, fiduciaries, consultants, recordkeepers, service providers, representatives, insurance carriers, accountants, auditors, estates, heirs, executors, agents, attorneys, accountants, trusts, trustees (including without limitation the Plan Trustee), administrators and assigns, as well as the John Does listed in the initial Complaints in the Action.

iii.    "Unknown Claim" means any Claim that the Co-Lead Plaintiffs, the ERISA Plans, the fiduciaries of the ERISA Plans, and Class Members do not know or suspect to exist in his, her, or its favor at any time on or before the date that her, his, or its release becomes effective, and that, if known by him, her, or it, might have affected his, her, or its settlement with any of the Defendants or other Releasees or might have affected his, her, or its decision not to object to this Settlement Agreement.

**B.   Releases and Waivers Contained In The Settlement Agreement (Using The Paragraph Numbers Where These Releases And Waivers Appear In The Settlement Agreement).**

40.    Pursuant to the Order Approving Settlement and the Judgment, without further action by anyone, and subject to ¶ 42 below, effective on the Final Settlement Date, the Co-Lead Plaintiffs, the ERISA Plans, the fiduciaries of the ERISA Plans, and any and all Class Members, (including those who are parties to any other litigation, arbitration or other proceeding pending on the Final

Settlement Date to the extent such litigation, arbitration or other proceeding is based upon a Released Claim and is brought against any or all of the Releasees), on behalf of themselves, their heirs, executors, administrators, beneficiaries, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b), assigns, any person or entity claiming by or through any of the Class Members, and any person or entity representing any or all Class Members, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever relinquished, settled, and discharged all Released Claims against each and every one of the Defendants, Releasees, Co-Lead Plaintiffs, Plaintiffs' Co-Lead Counsel and Defendants' Counsel, including such Released Claims as already have been, could have been, or could be asserted directly, indirectly, representatively, derivatively, or in any other capacity in the Action or in any other pending litigation, arbitration, or other proceeding, whether formal or informal, and they individually and collectively shall be permanently and finally enjoined from commencing or prosecuting any actions or proceedings asserting any of the Released Claims either directly, indirectly, representatively, derivatively, or in any other capacity.

41.    Pursuant to the Order Approving Settlement and the Judgment, without further action by anyone, and subject to ¶ 42 below, effective on the Final Settlement Date, all Parties, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b), assigns, any person or entity claiming by or through any of the Parties and any person or entity representing any or all Parties, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged any and all Settled Parties' Claims, and they individually and collectively shall be permanently and finally enjoined from commencing or prosecuting any actions or proceedings asserting any of the Settled Parties' Claims either directly, indirectly, representatively, derivatively, or in any other capacity.

42.    Notwithstanding ¶¶ 40 & 41 above, nothing in the Judgment shall bar any action or claim by the Parties to enforce the terms of this Settlement Agreement or the Judgment.

43.    Subject to ¶ 42 above, with respect to any and all Released Claims, the Parties stipulate and agree that the Co-Lead Plaintiffs, the ERISA Plans, the fiduciaries of the ERISA Plans, and each Class Member on behalf of himself or herself, his or her heirs, executors, administrators, beneficiaries, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1- 02.b), assigns, any person or entity claiming by or through any of the Class Members and any person or entity representing any or all Class Members shall have and be deemed to have waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Section 1542 of the California Civil Code or any federal, state, or foreign law, rule, regulation or common law doctrine that is similar, comparable, equivalent, or identical to, or which has the effect of, Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Notwithstanding the provisions of Section 1542 and any similar provisions, rights and benefits conferred by any law, rule, regulation or common law doctrine of California or in any federal, state or foreign jurisdiction, Co-Lead Plaintiffs, the ERISA Plans, the fiduciaries for the ERISA Plans, and Class Members understand and agree that the Release is intended to include all Released Claims that they have or may have in any capacity, including Released Claims that are Unknown Claims, and that they shall have and be deemed to have, effective on the Final Settlement Date fully, finally

and forever settled and released any and all Released Claims whether or not they are Unknown Claims.

44.     With respect to any and all Settled Parties' Claims, each Party on behalf of himself, herself or itself, its heirs, executors, administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b), assigns, any person or entity claiming by or through any of the Parties and any person or entity representing any or all Parties stipulates and agrees that each such individual and entity shall have and be deemed to have waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Section 1542 of the California Civil Code or any federal, state, or foreign law, rule, regulation or common law doctrine that is similar, comparable, equivalent, or identical to, or which has the effect of, Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Notwithstanding the provisions of Section 1542 and any similar provisions, rights and benefits conferred by any law, rule, regulation or common law doctrine of California or in any federal, state or foreign jurisdiction, each individual and entity providing a release  understands and agrees that the Release is intended to include all Claims and/or Unknown Claims that he, she or it has or may have that relate in any way to any or all acts directly or indirectly relating to the prosecution, defense or settlement of the Action or to this Settlement Agreement, including such Claims that are Unknown Claims.  Each such individual and entity hereby stipulates and agrees that he, she or it shall have and be deemed to have, effective on the Final Settlement Date fully, finally and forever settled and released any and all Claims that relate in any way to any or all acts directly or indirectly relating to the prosecution, defense or settlement of the Action, or to this Settlement Agreement whether or not they are Unknown Claims.

45.     The releases and waivers contained in ¶¶ 43 and 44 were separately bargained for and are essential elements of this Settlement Agreement.